GOLDENBERG, MACKLER, SAYEGH, MINTZ,
PFEFFER, BONCHI & GILL P.C.
A Professional Corporation
1030 Atlantic Avenue
Atlantic City, New Jersey 08401
(609) 344-7131 fax (609) 347-2052
Attorneys for Plaintiff

| | |
|---|---|
| *SELINA RAMOS by her Guardian Ad Litem, DAISY GONZALEZ,*<br><br>Plaintiff(s)<br><br>v.<br><br>*ATLANTIC CITY BOARD OF EDUCATION, DIANA SAUNDERS, REINALDO RODRIGUEZ, jointly, severally, and in the alternative,*<br><br>Defendant(s) | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>ATLANTIC COUNTY<br><br>DOCKET NO.: ATL-L-2909-08<br><br>*CIVIL ACTION*<br><br>*COMPLAINT AND JURY DEMAND* |

Plaintiffs, Selina Ramos by her Guardian Ad Litem, Daisy Gonzalez, residing at 444 North Wisteria Road, in the City of Atlantic City, County of Atlantic, and State of New Jersey, by way of complaint against the defendant(s) say:

### FIRST COUNT

1. At all times material hereto plaintiffs, Selina Ramos by and through her Guardian Ad Litem, Daisy Gonzalez, were residents of the City of Atlantic City, County of Atlantic and State of New Jersey.

2. At all times material hereto Selina Ramos was enrolled as a first grade student in the Chelsea Heights School which is a public educational facility owned, operated, maintained and supervised by the defendant, Atlantic City Board of Education.

3. At all times material hereto defendant, Diana Saunders, was employed by defendant Atlantic City Board of Education as the principal of the Chelsea Heights School, and was at all times material hereto responsible for the supervision of the tenured and non-tenured workforce/employees working at the Chelsea Heights School.

4. At all times material hereto, defendant Atlantic City Board of Education was responsible for the hiring, training and supervision of the tenured and non-tenured employees working at the Chelsea

Heights School.

5. At all times material hereto defendant, Reinaldo Rodriguez, was an employee of defendant, Atlantic City Board of Education, employed at the Chelsea Heights School as a janitor/custodian.

6. At all times material hereto defendant, Reinaldo Rodriguez, was under the supervision of defendant, Diana Saunders, and defendant Atlantic City Board of Education.

7. On or about October 24, 2003, defendant, Reinaldo Rodriguez, while in the course of his employment with the Atlantic City Board of Education as a janitor/custodian at the Chelsea Heights School, committed an assault and battery against the person of plaintiff, Selina Ramos, who was at that time a six year old, first grade student, by sexually molesting her by rubbing her inner thighs while she was seated in the school cafeteria.

8. Prior to the date of this assault/molestation, defendant, Saunders, and defendant, Atlantic City Board of Education, knew or should have known of defendant, Rodriguez's, inappropriate conduct toward plaintiff, Selina Ramos, and further, knew or should have known that defendant, Rodriguez, was likely to assault/molest and/or inappropriately have contact with plaintiff.

9. Despite the prior knowledge of defendant, Saunders, and defendant, Atlantic City Board of Education, these defendants took no action to remove defendant, Rodriguez, from the Chelsea Heights School and failed to to properly safeguard and protect plaintiff, Selina Ramos, then a six year old student at the Chelsea Heights School, from such inappropriate assault/molestation and/or contact.

10. Defendants Saunders and the Atlantic City Board of Education were negligent in their failure to properly supervise defendant Rodriguez.

11. Defendants Saunders and the Atlantic City Board of Education were negligent in failing to safeguard and properly protect and supervise the minor plaintiff Selena Ramos.

12. Defendant Rodriguez was negligent in his conduct toward minor plaintiff Selena Ramos.

13. As a result of the negligent and intentional conduct of defendants jointly, severally and in the alternative as aforesaid, plaintiff was caused to suffer severe, permanent personal injuries and emotional distress, was caused to incur medical expenses and will in the future continue to incur medical expenses in conjunction with the treatment therefore.

**WHEREFORE**, plaintiff demands judgment against defendants, jointly, severally or in the alternative for consequential and punitive damages, attorneys fees, costs of suit, interest and any and all other such relief as this court deems equitable and just.

## SECOND COUNT

1. Plaintiff repeats and incorporates the allegations of the First Count as if set forth more fully herein.

2. At all times material hereto, defendant, Rodriguez, was acting in the scope and course of his employment with defendant, Atlantic City Board of Education.

3. Accordingly, defendant, Atlantic City Board of Education, is vicariously liable for the intentional and/or negligent conduct of their employee.

4. As a result of the negligence of defendants jointly, severally and in the alternative as aforesaid, plaintiff was caused to suffer severe, permanent personal injuries and emotional distress, was caused to incur medical expenses and will in the future continue to incur medical expenses in conjunction with the treatment therefore.

**WHEREFORE**, plaintiff demands judgment against defendants, jointly, severally or in the alternative for consequential and punitive damages, attorneys fees, costs of suit, interest and any and all other such relief as this court deems equitable and just.

## THIRD COUNT

1. Plaintiff repeats and incorporates the allegations of the previous counts as if set forth more fully herein.

2. At all times material hereto, defendant, Diana Saunders, was acting in the scope and course of her employment as the principal of the Chelsea Heights School with defendant, Atlantic City Board of Education.

3. Defendant, Atlantic City Board of Education, is vicariously liable for the negligence of defendant, Saunders, in the scope and course of her employment as the principal of the Chelsea Heights School.

4. As a result of the negligence of defendants jointly, severally and in the alternative as aforesaid, plaintiff was caused to suffer severe, permanent personal injuries and emotional distress, was caused to incur medical expenses and will in the future continue to incur medical expenses in conjunction with the treatment therefore.

**WHEREFORE**, plaintiff demands judgment against defendants, jointly, severally or in the alternative for consequential and punitive damages, attorneys fees, costs of suit, interest and any and all other such relief as this court deems equitable and just.

### FOURTH COUNT

1. Plaintiff repeats and incorporates the allegations of the previous counts as if set forth more fully herein.

2. Plaintiff brings this count pursuant to the New Jersey Civil Rights Act N.J.S.A. 10:6-1 et seq.

3. As a result of the intentional and negligent conduct of the defendants combined and concurring as set forth above, plaintiff was deprived of substantive and procedural rights set forth in the Constitute of the State of New Jersey and the United States of America to be free from unconsented, unwarranted touching/molestation at the hands of employees of her public school.

4. In addition, as a result of the conduct of defendants as aforesaid, plaintiff was deprived of her constitutionally mandated education.

5. As a result of the violation of plaintiff's civil rights aforesaid, plaintiff was caused to suffer severe, permanent personal injuries and emotional distress, was caused to incur medical expenses and will in the future continue to incur medical expenses in conjunction with the treatment therefore.

WHEREFORE, plaintiff demands judgment against defendants, jointly, severally or in the alternative for consequential and punitive damages, attorneys fees, costs of suit, interest and any and all other such relief as this court deems equitable and just.

### FIFTH COUNT

1. Plaintiff repeats and incorporates the allegations of the previous counts as if set forth more fully herein.

2. This Count is brought pursuant to 42 U.S.C.A. §1983.

3. As a result of the conduct of defendants as aforesaid, plaintiff was deprived of rights and privileges guaranteed to her by virtue of the Constitution of the United States and, including but not limited to the rights guaranteed under the 4th, 5th, 6th and 14th amendments to the United State Constitution;

4. The conduct of defendant's aforesaid occurred under color of law;

5. Plaintiff was denied substantive and procedural due process, equal protection under the law and the right to be free from unreasonable seizures of a person by offensive touching

6. As a result of the violation of plaintiff's Constitutional rights aforesaid, plaintiff was denied her statutorily mandated education, caused to suffer severe, permanent personal injuries and emotional distress, was caused to incur medical expenses and will in the future continue to incur medical expenses in conjunction with the treatment therefore.

WHEREFORE, plaintiff demands judgment against defendants, jointly, severally or in the alternative for consequential and punitive damages, attorneys fees, costs of suit, interest and any and all other such relief as this court deems equitable and just.

### JURY DEMAND

Plaintiff hereby demands trial by a jury on all issues herein.

## CERTIFICATION UNDER RULE 4:5-1

I, MICHAEL J. MACKLER, hereby certify, pursuant to New Jersey Court Rule 4:5-1, that to the best of my knowledge, the claims raised herein are not the subject of any other action pending in any Court or the subject of any arbitration proceeding, and no such other action or arbitration is contemplated.

I certify that the foregoing statements made by me are true to my personal knowledge. I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment for perjury.

**PLAINTIFF HEREBY DEMANDS THAT DEFENDANT ANSWER FORM C and C1 UNIFORM INTERROGATORIES, PURSUANT TO R.4:17-1 (b) (ii).**

## NOTICE OF TRIAL COUNSEL

PLEASE TAKE NOTICE that MICHAEL J. MACKLER, ESQUIRE, is hereby designated as trial counsel in the above-captioned litigation for the firm of GOLDENBERG, MACKLER, SAYEGH, MINTZ, PFEFFER, BONCHI & GILL P.C. pursuant to Rule 4:25-4.

## DEMAND FOR PRODUCTION OF INSURANCE AGREEMENTS

Pursuant to R. 4:10-2(b), demand is hereby made that you disclose to the undersigned whether there are any insurance agreements or policies under which any person or firm carrying on an insurance

business may be liable to satisfy all or part of a judgment which may be entered in the action or to indemnify or reimburse for payment made to satisfy the judgment. If so, please attach a copy of each, or in the alternative state, under oath and certification: (a) policy number; (b) name and address of insurer; (c) inception and expiration date; (d) names and addresses of all persons insured thereunder; (e) personal injury limits; (f) property damage limits; and (g) medical payment limits.

GOLDENBERG, MACKLER, SAYEGH, MINTZ
PFEFFER, BONCHI & GILL P.C.
Attorneys for Plaintiff

By: _____
MICHAEL J. MACKLER, ESQUIRE

Dated: August 21, 2008